IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY WAYNE TRAINER,

        Petitioner,                      No. CIV S-04-0027 JAM EFB P

    vs.

D. BUTLER,

        Respondent.                 FINDINGS AND RECOMMENDATIONS

                              /

        Petitioner, a state prisoner, has been proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 20, 2006, and June 25, 2007, mail informing petitioner of the reassignment of his case to the undersigned magistrate judge and to District Judge Ralph R. Beistline, respectively, was returned as undeliverable stating that petitioner was deceased.

        The court takes judicial notice that another of petitioner's habeas cases was dismissed after the court obtained confirmation of his death.[1] Accordingly, another filing of a notice of suggestion of death upon the record under Fed. R. Civ. P. 25(a)(1) in this action would be

---

[1] *See* Case No. CIV-S-05-1442 JKS GGH. A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

duplicative and is unnecessary. Petitioner was sentenced pursuant to a conviction under the penal statutes of California. Petitioner having died during the pendency of the petition, petitioner's action must be dismissed. *United States v. $84,740.00 Currency*, 981 F.2d 1110, 1113 (9th Cir. 1992); *United States v. Oberlin*, 718 F. 2d 894, 896 (9th Cir. 1983) (actions upon penal statutes do not survive wrongdoer's death).

      Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed in light of his death during the pendency of the action.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 5, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE